**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| COLIBRI CORPORATION,<br>Plaintiff, | CA 06 152ML |
| v. | C.A. No. |
| DARE 2 DIAMOND, LLC,<br>Defendant. | PLAINTIFF DEMANDS<br>TRIAL BY JURY |

**COMPLAINT**

This is an action for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1051 et seq. and for violation of the Rhode Island Anti-Dilution Statute and Rhode Island Deceptive Trade Practices Act, General Laws §6-2-12 and § 6-13.1-2. Plaintiff, COLIBRI CORPORATION ("Colibri" or "Plaintiff"), by and through its undersigned attorneys, pleads and alleges upon information and belief as follows:

**Parties**

1. Plaintiff Colibri Corporation ("Colibri") is a Rhode Island corporation with its principal place of business at 100 Niantic Avenue, Providence, Rhode Island 02907. Colibri is a manufacturer, importer, marketer and distributor of men's and women's jewelry products, lighters, smoking accessories, clocks and gift items.

2. Defendant Dare 2 Diamond, LLC ("Dare 2 Diamond" or "Defendant") is a Delaware limited liability company with its principal place of business at 551 5th Avenue, 22nd Floor, New York, New York 10176. Dare 2 Diamond sells women's gold jewelry with diamonds.

**Jurisdiction and Venue**

3. This action arises under the Lanham Act, 15 U.S.C. § 1051 et seq. The court has federal question jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338. Jurisdiction is also conferred by 28 U.S.C. § 1332, as the parties are citizens of different states and the value of the matter in controversy exceeds $75,000, exclusive of interest and costs.

4. Upon information and belief, Dare 2 Diamond is subject to jurisdiction in Rhode Island pursuant to R.I. Gen. Laws § 9-5-33, as Dare 2 Diamond does business and/or has the necessary minimum contacts with the State of Rhode Island for this court to establish jurisdiction thereover. Venue is proper in the District of Rhode Island pursuant to 28 U.S.C. § 1391, in that a substantial part of the events giving rise to this dispute occurred in Rhode Island.

**Facts Giving Rise to the Dispute**

5. Since June of 2003, Colibri has sold a line of women's diamond jewelry under the brand DARING DIAMONDS®.

6. Colibri owns U.S. Registration No. 2,935,431 for the mark DARING DIAMONDS for jewelry. Colibri's application to register the mark was filed on April 21, 2003. Therefore, Colibri has a constructive first use of the mark dating back to April 21, 2003. A copy of U.S. Registration No. 2,935,431 is attached as Exhibit A.

7. In attending the Jewelers of America New York jewelry trade show on January 22 through 24, 2006, Colibri became aware that Defendant was exhibiting jewelry using the name "Dare 2 Diamond."

8. Research of the records of the United States Patent and Trademark Office ("USPTO") revealed that Defendant filed an application to register the mark DARE 2 DIAMOND and design (pictured below), application serial no. 78/570,708, for jewelry. Colibri has filed an opposition against Defendant's application with the Trademark Trial and Appeal Board of the USPTO.

DARE DIAMOND

9. On February 16, 2006, Colibri sent a cease and desist letter to Defendant, requesting that it discontinue its use of the "Dare 2 Diamond" trademark and trade name, which are likely to cause confusion with Colibri's DARING DIAMONDS trademark. A copy of the February 16, 2006 letter is attached as Exhibit B.

10. Defendant refused to discontinue its use of DARE 2 DIAMOND.

**Count I – Trademark Infringement – 15 U.S.C. § 1114**

11. Colibri reasserts the allegations of paragraphs 1 through 10 as though set forth in full herein.

12. Dare 2 Diamond's use of the DARE 2 DIAMOND trademark on jewelry is a colorable imitation of Colibri's DARING DIAMONDS trademark, and is likely to cause confusion, or to cause mistake, or to deceive purchasers of jewelry in violation of 15 U.S.C. § 1114.

13. Dare 2 Diamond's conduct as described above with knowledge of Colibri's rights constitutes willful infringement under Section 35 of the Lanham Act, 15 U.S.C. § 1117.

**Count II – False Representations and False Designations of Origin – 15 U.S.C. § 1125(a)**

14. Plaintiff reasserts the allegations of paragraphs 1 through 13 as though set forth in full herein.

15. Dare 2 Diamond's use of the DARE 2 DIAMOND trademark in connection with jewelry constitutes false designation of origin, false description of goods and unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

16. Dare 2 Diamond's conduct as described above with knowledge of Colibri's rights constitutes willful violation under Section 35 of the Lanham Act, 15 U.S.C. § 1117.

**Count III – Injury to Business Reputation / Dilution – R.I. Gen. Laws 6-2-12**

17. Plaintiff reasserts the allegations of paragraphs 1 through 16 as though set forth in full herein.

18. Dare 2 Diamond's use of the DARE 2 DIAMOND trademark and trade name is likely to dilute the distinctive quality of Colibri's common law DARING DIAMONDS trademark in violation of R.I. Gen. Laws 6-2-12.

**Count V – Deceptive Trade Practices – R.I. Gen. Laws 6-13.1-2**

19. Plaintiff reasserts the allegations of paragraphs 1 through 18 as though set forth in full herein.

20. Dare 2 Diamond's actions described herein constitute an unfair method of competition and unfair or deceptive acts or practices in the conduct of trade or commerce in violation of R.I. Gen. Laws 6-13.1-2.

**Prayer for Relief**

WHEREFORE, Plaintiff Colibri respectfully prays for judgment as follows:

1. That Dare 2 Diamond and its officers, agents, representatives, distributors, wholesalers, retailers, licensees, servants, employees, consultants, affiliates, brokers, parent and subsidiary corporations, and attorneys, and all those in privity or acting in concert with Dare 2 Diamond, be permanently enjoined from using directly or indirectly, in connection with the sale or transport of goods or in connection with any services or commercial activities, the DARE 2 DIAMOND trademark and trade name, or any other trademark or trade name that is confusingly similar to Colibri's DARING DIAMONDS trademark;

2. That Dare 2 Diamond be ordered to deliver for destruction all media, signs, prints, advertising, packages, products, labels, wrappers, receptacles, boxes, cartons, forms, tags, patches, printed materials, and promotional materials in its possession or control that bear the DARE 2 DIAMOND trademark, or any other reproduction, counterfeit, copy, or colorable imitation of Colibri's DARING DIAMONDS trademark;

3. That Dare 2 Diamond be ordered to file with the Court and serve on counsel for Colibri within thirty days from entry of the injunction a report in writing under oath setting forth the manner and form in which dare 2 Diamond has complied with the injunctions described in paragraphs 1 and 2 above;

4. That Dare 2 Diamond be ordered to pay damages and its profits to Colibri according to proof, trebled pursuant to 15 U.S.C. § 1117(a) because of the willfulness of the infringements described above;

5. That Dare 2 Diamond be ordered to reimburse Colibri for the costs of this action, together with reasonable attorney's fees and costs incurred by reason of this action, pursuant to 15 U.S.C. § 1117(a);

6. That Dare 2 Diamond be ordered to provide restitution for its unlawful business practices and false and misleading statements, measured by its advertising expenditures;

7. For such other and further relief as this Court may deem just and proper.

DATED: April 3, 2006

COLIBRI CORPORATION

By Its Attorneys,

HINCKLEY, ALLEN & SNYDER

William R. Grimm (#1938)
Karen Feisthamel (# 6941)
50 Kennedy Plaza, Suite 1500
Providence, RI 02903-2393
Tel. (401) 274-2000
Fax. (401) 277-9600
E-mail wgrimm@haslaw.com

#705560